UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

BARBARA JEANNE BONFIELD,

        Debtor and Appellant,

JACK D. CLARK,

        Appellee.

CASE NO. C05-136C

ORDER

      This matter comes before the Court on Appellant Barbara Jeanne Bonfield's Bankruptcy Appeal (Dkt. No. 29). The Court has considered the papers submitted by the parties and determined that oral argument is not necessary. The Court hereby finds and rules as follows.

      Appellant Barbara Jeanne Bonfield appeals the order issued by the Hon. Thomas T. Glover, United States Bankruptcy Judge for the Western District of Washington, approving a compromise of claims between Peter Arkinson, trustee in bankruptcy of the estate of Barbara Bonfield, and Jack Clark, Bonfield's former spouse. The settlement resolved certain of Bonfield's claims arising out of the divorce proceedings between Clark and Bonfield in Snohomish County Superior Court, and left certain other claims to be resolved by the Washington Court of Appeal.

      As a preliminary matter, Respondent Jack Clark moves to include in the record the findings of fact

ORDER – 1

and conclusions of law in Snohomish County Superior Court case number 02-3-02743-3, the divorce proceeding between Appellant Barbara Bonfield and Respondent Jack Clark. (*See* Dkt. No. 34.) Appellant objects to entry of the Snohomish County Superior Court document. (*See* Dkt. No. 35.) Her objection appears to be based on the argument that the judge's findings in the divorce proceeding were grounded upon fraudulent evidence. In light of the following discussion, the Court strikes Respondent's motion as moot.

Appellant fails to present a colorable factual or legal basis for her appeal. According to the Ninth Circuit, an appeal is frivolous when the result is obvious or the appellant's arguments of error are wholly without merit. *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981). Appellant seeks to re-litigate in this Court issues relevant to the divorce proceeding, not issues relevant to her bankruptcy appeal. She sets forth no coherent arguments that speak to the bankruptcy trustee's exercise of his business judgment. In fact, she has failed to even name the trustee of her estate as a party to this appeal. She makes no arguments explaining why Judge Glover erred in approving the settlement, other than to make sweeping accusations of malpractice and fraud, and she cites no standard of review and no relevant authority, binding or otherwise, that entitle her to relief. *Cf. Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 111-13 (2d Cir. 1999) (per curiam) (finding appeal to be frivolous when appellant's main brief did not cite a single relevant statute or decision and did not present a coherent legal theory that would sustain appellant's position). The Court thus finds that Appellant's appeal is wholly without merit, and should be dismissed as frivolous.

However, even if it had not made this finding, the Court would still affirm the Bankruptcy Court's rulings. This Court has jurisdiction to hear an appeal from the bankruptcy court. 28 U.S.C. § 158(a). It reviews the bankruptcy court's decision to approve the settlement for abuse of discretion. *In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F.3d 1061, 1065 (9th Cir. 2001); *In re Andreyev*, 313 B.R. 302, 304 (9th Cir. BAP 2004). As a general rule, bankruptcy courts favor compromise. *See In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976). Thus, a bankruptcy court will approve a compromise so long as proper notice

ORDER – 2

was given to the parties in interest, and the court finds that the trustee exercised reasonable business judgment. *In re A & C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1986). Appellant received notice of the compromise and the Bankruptcy Court heard her objection. Moreover, trustee Arkinson exercised reasonable business judgment in accepting the compromise offered by Clark by considering the probability of success in the litigation of Bonfield and Clark's disputed claims in bankruptcy, the attendant expense of such litigation, and by properly weighing the paramount interest of the creditors. Judge Glover did not abuse his discretion by approving that compromise.

Furthermore, despite Appellant's repeated request for a jury trial both during the underlying bankruptcy proceeding and on appeal, the bankruptcy court is not required to conduct an independent investigation into the facts of the case underlying the compromise. *In re Bay Area Material Handling, Inc.*, 1995 WL 729300, *3 (N.D. Cal. 1995), *citing In re Blair*, 538 F.2d at 851. Nor is the bankruptcy court required to conduct a mini-trial of that case before it can approve a compromise as fair and equitable. *Id.* There is ample evidence in the record that the bankruptcy court reached an informed and independent judgment as to the fairness of the compromise.

Finally, Appellant also appeals the Bankruptcy Court's order allowing David Smith to withdraw as counsel of record for Apellant's adversary claim. Appellant has provided no reason, other than an unsupported assertion of malpractice, as to why Smith should remain her attorney. She also fails to demonstrate why the Bankruptcy Court abused its discretion by allowing Smith to withdraw. Therefore, the Court would also affirm the Bankruptcy Court's order allowing Smith's withdrawal.

In accordance with the above findings, the Court DISMISSES this appeal as frivolous.

SO ORDERED this   22nd   day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3