UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

BARBARA JEANNE BONFIELD,

        Debtor and Appellant,

JACK D. CLARK,

        Appellee.

CASE NO. C05-136C

ORDER

This matter comes before the Court on Appellee's Motion for Damages and Costs for Frivolous Appeal (Dkt. No. 39) and Appellant's requests contained in her Affidavit of Prejudice (Dkt. Nos. 40, 43). Having reviewed the materials submitted by the parties and having determined that oral argument is not necessary, Appellee's motion and Appellant's requests are DENIED for the reasons set forth below.

## I. BACKGROUND

Appellant Barbara Jeanne Bonfield filed for Chapter 7 bankruptcy and a trustee was appointed over her estate. The Hon. Thomas T. Glover, United States Bankruptcy Judge for the Western District of Washington, approved a compromise of claims between the trustee and Appellee Jack Clark, Appellant's former spouse. Appellant, appearing *pro se*, appealed Judge Glover's order to this Court.

ORDER – 1

(Dkt. No. 29.) This Court dismissed her appeal, finding that it was frivolous. (Dkt. No. 36.) Appellant then filed a motion for reconsideration. (Dkt. No. 37.) This too was denied by the Court because it was filed three days late and failed to demonstrate manifest error, new facts, or new legal authority. (Dkt. No. 38.)

Appellee then filed this motion seeking compensation for the attorney's fees he incurred in responding to Appellant's frivolous appeal. (Dkt. No. 39.) Appellee incurred $6,248.00 in attorney's fees in responding to Appellant's appeal. (Bailey Decl. 2.) Seven days after Appellee's motion was filed, Appellant filed an "Affidavit of Prejudice" in which she asserts that Appellee's motion should be dismissed and requests that the undersigned be recused from the case and arrange a personal injury settlement of nine million dollars payable to Appellant "through the Western District Court of Washington." (Dkt. No. 40.) The recusal motion having been denied by Chief Judge Robert S. Lasnik (Dkt. No. 45), the Court now takes up Appellee's motion for attorney's fees and Appellant's request for nine million dollars.

**II.   ANALYSIS**

A.   *Appellee's Motion for Attorney's Fees*

Under Federal Rule of Bankruptcy Procedure 8020, a district court may award attorney's fees to an appellee when a court determines that the appellant's appeal was frivolous and when the appellee files a separate motion requesting such a judgment. Fed. R. Bankr. P. 8020. The fact that an appellant is a *pro se* litigant does not prohibit a court from imposing sanctions. *See McClain v. Int'l Ass'n of Machinists, Dist. 751*, No. C05-218C, 2005 WL 1950288, at *3 (W.D. Wash. Aug. 12, 2005); *see also Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

Appellee Clark seeks an award of $6,248.00 in attorney's fees. The fees requested represent the number of hours reasonably worked on behalf of Clark (28.4) multiplied by a reasonable hourly rate ($220/hour). (*See* Bailey Decl. 1.); *Pennsylvania v. Del. Valley Citizen's Council for Clean Air*, 478 U.S. 546, 561–66 (1986) (attorney's fees calculated by multiplying reasonable hours work by a

ORDER – 2

reasonable rate). Although these fees may be reasonable, an award of $6,248.00 would further damage Appellant's financial situation beyond its current state. While an award of attorney's fees may be necessary to fulfill the deterrent purposes of Rule 8020, the award should not subject Appellant to financial ruin. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987) (vacating district court's award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k)). After considering Appellant's financial situation and the fact that this is her first frivolous appeal, the Court, in its discretion, DENIES Appellee's motion for attorney's fees. However, because Appellant's filings have contained no legal or factual arguments addressing the issues before the Court, she is cautioned that future filings of this nature may well lead to an award of fees against her, payable to the opposing party.

B.   *Appellant's Request for Nine Million Dollars*

In addition to her recusal request already decided by Chief Judge Lasnik, Appellant requests that the undersigned take "this last opportunity to arrange a personal injury settlement for nine million dollars Payable to Barbara Jeanne Bonfield through the Western District Court of Washington." However, Appellant provides no factual or legal support for this request. Furthermore, Appellant does not even specify who should be ordered to pay this amount. Therefore, Appellant's request for nine million dollars is DENIED.

SO ORDERED this 27th day of October, 2005.

John C. Coughenour

United States District Judge

ORDER – 3